IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD CHANDLER,<br><br>             Plaintiff,<br><br>vs.<br><br>WHITING OIL AND GAS<br>CORPORATION; PIONEER<br>DRILLING SERVICES, LTD.; and<br>DOES A-Z,<br><br>             Defendants. | CV 17-118-BLG-SPW-TJC<br><br><br>**FINDINGS AND<br>RECOMMENDATIONS OF<br>U.S. MAGISTRATE JUDGE** |

Before the Court are the following motions: plaintiff Chad Chandler's Motion to Remand (Doc. 5), defendant Pioneer Drilling Services, Ltd.'s ("Pioneer") Motion to Quash Summons (Doc. 7), and Pioneer's Motion to Set Aside Default (Doc. 9). Having considered the parties' motions, the Court recommends that Plaintiff's Motion to Remand be **GRANTED**, thereby divesting the Court of jurisdiction to consider Pioneer's motions.

## I.     Pertinent Facts

The following pertinent facts are taken from the parties' pleadings and briefing, and are presumed to be true for the purposes of the instant motions.

Pioneer's registered agent for service of process in Montana is Capitol Corporate Services ("CCS"). Pioneer's business listing on the website for the

1

Montana Secretary of State provides an address for CCS at 26 West 6th Avenue, Helena, Montana.  (Doc. 6-1.)  That is the physical address of the Smith Law Firm, PC ("Smith").  (Doc. 13-2 at 2, ¶ 2.)  According to Smith employee Michelle Van Nice ("Van Nice"), Smith "has been retained by…CCS, as well as other agencies, to receive service of process and other legal documents that are served on them as registered agents in the state of Montana."  (*Id*.)  One of the other registered agents that has retained Smith is Corporation Service Company ("CSC").  (*Id*.)

Van Nice's "job duties include receiving service of process on behalf of corporations and other entities that have CSC or CCS as their registered agent…."  (*Id*. at ¶ 3.)  "It is [Smith's] regular practice when a process server presents documents for service to have [the process server] declare which agent [the process server is] serving and to write the name of such agent upon the papers [the process server] is serving."  (*Id*. at ¶ 4.)

On October 28, 2016, process server Brian Mook ("Mook") delivered to Van Nice, at 26 West 6th Avenue, Helena, Montana, a summons and Plaintiff's Complaint and Demand for Jury Trial.  (Doc. 6-2.)  Pioneer was a named defendant on the complaint, and the summons was directed to Pioneer.  (Doc. 13-7 at 4-6.)  When Mook served a copy of the summons and complaint, he was asked by Van Nice to write the name of the registered agent being served.  (Doc. 13-7 at

2

3.)  Mook handwrote "CSC 10/28 11:50" on the summons.  (Doc. 13-7.)  Van Nice

forward the documents to CSC based on Mook's notation.  (Doc. 13-2 at 2, ¶ 6.)

Mook then drafted a corresponding "Proof of Service" indicating that he

"served [the summons and complaint] on Michelle VanNice [sic], legal assistant

for Capitol Corporate Service, Inc [sic], r/a for Pioneer Drilling Services at 26 W

6th Ave, Helena, MT."  (Doc. 6-2.)

On October 31, 2016, CSC sent a letter to Plaintiff's counsel entitled

"Rejection of Service of Process" (the "Rejection Letter").  (Doc. 13-4.)  The

Rejection Letter identifies Pioneer as the party that was served, and notes the

instant lawsuit as it was captioned prior to removal.  (*Id.*)  The Rejection Letter

explains that service of process could not be forward to Pioneer and provides the

following reason: "Because two or more companies can have very similar names,

the name of the company to which service of process is directed MUST BE

IDENTICAL to the company on file with the Secretary of State or other

appropriate state agency."  (*Id.*)  Plaintiff apparently made no additional effort to

serve Pioneer.

On August 14, 2017, Plaintiff filed in the Montana Seventh Judicial District

Court, Richland County a Praecipe for Entry of Default of Defendant Pioneer

Drillings Services, alleging that Pioneer had failed to appear despite having been

served, and that default judgment was proper pursuant to Mont. R. Civ. P. 55(a). (Doc. 13-31 at 7-8.)  Default was entered accordingly.  (Doc. 10 at 6.)

On August 14, 2017, counsel for defendant Whiting Oil and Gas Corporation ("Whiting") emailed Pioneer's counsel to advise of the impending default.  (Doc. 13-1 at 6.)  Pioneer claims that this email was the first notice it received of Plaintiff's lawsuit.  (Doc. 13-6 at 2-4.)  Pioneer removed the case to this Court within 30 days of its receipt of the email from Whiting's counsel.  (Doc. 1.)

## II.   Legal Standard

Removal of a civil action from state court to federal court is appropriate if the action originally could have been filed in federal court.  28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Courts must "strictly construe the removal statute against removal jurisdiction" and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citations omitted).  There is a "strong presumption" against removal, and the defendant has the burden to establish that removal is proper.  *Id*. at 566-67.

4

## III.   Discussion

### A.   Plaintiff Properly Served Pioneer

All three motions before the Court hinge on the narrow question of whether service on Pioneer was defective.  The parties do not dispute that Mook delivered the summons and complaint to the address of Pioneer's registered agent, CCS.  The parties also do not dispute that Van Nice was authorized to accept service on behalf of CCS.  The sole dispute, then, is whether Mook's "CSC" notation on the summons is sufficient to render defective the otherwise proper service, by causing Smith to send the process to CSC instead of to CCS.  The Court finds that service was proper, despite Mook's mistake.

"When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law."  *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).  Rule 4 of the Montana Rules of Civil Procedure governs service of process in Montana, and provides in pertinent part that a business entity may be served by "delivering a copy of the summons and complaint to the registered agent named on the records of the secretary of state."  Mont. R. Civ. P. 4(i)(3)(C).  Pioneer does not identify any requirements for proper service beyond this Rule.

There is no dispute that Mook, acting on Plaintiff's behalf, delivered the summons and complaint to CCS's listed address at 26 West 6th Avenue, Helena,

Montana, and provided the documents to Van Nice, whom Pioneer concedes was authorized to accept the documents.  In so doing, Plaintiff complied with all of the requirements imposed on him by Mont. R. Civ. P. 4(i)(3)(C).

In arguing that Plaintiff nevertheless failed to serve Pioneer properly, Pioneer is attempting to impose an additional requirement, not present in the applicable Rule: that a process server attempting to serve a party through a registered agent must assist the authorized individual being served to ensure that the process is sent to the proper entity.  No such requirement exists in Rule 4.

The Court appreciates that it is Smith's "regular practice" to request that a process server "verbally declare" the proper registered agent and "write the name of such agent upon the" documents.  (Doc. 13-2 at 2.)  Without doubt, those acts make it easier for Van Nice or her coworkers to ensure that the documents are forwarded to the proper registered agent.  But Smith's internal procedures in providing services to its clients, however sensible, do not have such power as to impose additional service requirements under the Montana Rules of Civil Procedure, or to render defective service of process that fulfilled all of the requirements imposed by Montana law.

On October 28, 2016, Mook delivered to CCS's address the summons and complaint, and left those documents with a person authorized to accept them on behalf of Pioneer.  That is all that Mont. R. Civ. P. 4(i)(3)(C) required of him.

6

Mook's mistake in fulfilling an additional request from Smith to help that organization satisfy its obligation to CCS is insufficient to render defective otherwise proper service.

Although the Court finds that Plaintiff's service on Pioneer was proper (a finding sufficient on its own to settle the dispute), the Court's conclusion is bolstered by the fact that Mook executed a Proof of Service form indicating that he served the summons and complaint on CCS.  (Doc. 6-2.)  As Pioneer recognizes, "[a] proof of service constitutes prima facie evidence of proper service," and creates a presumption in favor of proper service that may be overcome only with "strong and convincing evidence."  *Hernandez v. Senefor*, 2013 WL 1966122, *3-4 (E.D. Cal. May 10, 2013) (citing *S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007)).  Pioneer identifies both Mook's "CSC" notation and CSC's Rejection Letter to Plaintiff as its "strong and convincing evidence" to overcome the presumption in favor of proper service.  (Doc. 13 at 4-6.)

For reasons similar to those discussed above, the Court is not persuaded. Specifically, Mook's CSC notation, provided at Smith's request, does not render service defective, and therefore it cannot constitute strong and convincing evidence of improper service.  Similarly, CSC's Rejection Letter cannot constitute strong and convincing evidence of improper service because the Letter incorrectly asserted that service was not proper.  Plaintiff was under no obligation to further

investigate service of process he had already accomplished successfully, regardless of the assertions made in the Rejection Letter.  Accordingly, the Court finds that Pioneer has not presented strong and convincing evidence to overcome the presumption in favor of proper service accompanying the Proof of Service.

For the foregoing reasons, the Court finds that Plaintiff accomplished service upon Pioneer on October 28, 2016.

### B.      Remand to Montana State Court

The finding that service was accomplished on October 28, 2016, commands the result that Plaintiff's motion to remand be granted.  As explained above, the "removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas*, 553 F.3d at 1244.  28 U.S.C. § 1446(b) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  "As a general rule, the thirty-day period for filing a notice of removal begins when notice of the lawsuit is received by a person who is authorized to accept process for the defendant."  *Val Energy, Inc. v. Ring Energy, Inc.*, 2014 WL 5510976, *2 (D. Kan. Oct. 31, 2014).  Pioneer does not point to any applicable exceptions to this general rule, and the Court is not aware of any.

CCS, as Pioneer's registered agent, undisputedly is authorized under Montana law to receive service for Pioneer.  Mont. Code Ann. § 35-7-113(1). Pioneer's 30-day time limit to remove this action to federal court therefore began to run on October 28, 2016, when Plaintiff delivered the summons and complaint to CCS.  (Doc. 6-2.)  Pioneer did not remove this case until September 6, 2017, several months after its 30-day deadline ended.  Accordingly, removal to this Court was improper, and the Court is without jurisdiction to consider the matter further. The Court therefore recommends that this case be remanded to Montana state court.  *Gaus*, 980 F.2d at 566.

## IV.   Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that:

(1)     Plaintiff's Motion for Remand (Doc. 5) be **GRANTED**, and that this case be remanded to the Montana Seventh Judicial District Court, Richland County; and

(2)     Pioneer's Motion to Quash Summons (Doc. 7) and Motion to Set Aside Default (Doc. 9) be **DENIED**, as this Court is without jurisdiction to consider them.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to

9

the findings and recommendations must be filed with the Clerk of Court, and

copies served on opposing counsel, within fourteen (14) days after entry hereof, or

objection is waived.

DATED this 17th day of May, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge